

USDC- BALTIMORE
'24 OCT 24 PM3:46

*KSC/10.22.24*

USAO#2024R00375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* **UNDER SEAL** |
| | \* |
| v. | \* **Criminal No.** JRR-24-313 |
| | \* |
| ███████████████ | \* (Conspiracy to Distribute and |
| | \* Possess with Intent to Distribute |
| **RONTHANY WARD,** | \* Controlled Substances, 21 U.S.C. |
| | \* § 846; Possession with Intent to |
| Defendants. | \* Distribute Controlled Substances, 21 |
| | \* U.S.C. § 841(a); Possession of a |
| | \* Firearm by a Prohibited Person, 18 |
| | \* U.S.C. § 922(g); Possession of a |
| | \* Firearm in Furtherance of a Drug |
| | \* Trafficking Crime, 18 U.S.C. |
| | \* § 924(c); Aiding and Abetting, 18 |
| | \* U.S.C. § 2; Forfeiture, 18 U.S.C. §§ |
| | \* 924(d), 21 U.S.C. § 853, 28 U.S.C. § |
| | \* 2461(c)) |

\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges:

From a date unknown to the Grand Jury but no later than August 2023 and continuing until

on or about July 2024, in the District of Maryland, the defendants,



**RONTHANY WARD,**

did knowingly combine, conspire, confederate, and agree with each other and persons known and

unknown to the Grand Jury to distribute and possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to ████████████████████████████████ the amount involved in the conspiracy attributable to each of them as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to each of them, is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to 21 U.S.C. § 841(b)(1)(A).

With respect to **RONTHANY WARD** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance pursuant to 21 U.S.C. § 841(b)(1)(B)(ii).

## COUNT TWO
### (Distribution and Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or about August 30, 2023, in the District of Maryland, the defendants,

did knowingly and intentionally distribute and possess with intent to distribute 5 kilograms or more

of a mixture or substance containing a detectable amount of amount of cocaine, a Schedule II

controlled substance.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)
18 U.S.C. § 2

## COUNT THREE
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or about July 16, 2024, in the District of Maryland, the defendant,

**RONTHANY WARD,**

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectible amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide also known as fentanyl, a Schedule II controlled substance, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture or substance containing a detectable amount of phencyclidine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and § 841(b)(1)(C)
18 U.S.C. § 2

4

## COUNT FOUR
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges:

On or about July 16, 2024, in the District of Maryland, the defendant,

**RONTHANY WARD,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed three firearms, to wit, a 9mm caliber Luger model AK9 a semi-automatic firearm, bearing serial number RONVMB71707058, a .40 caliber Smith & Wesson model M&P 40 semi-automatic firearm bearing serial number HRB7407, and a 9mm caliber Glock model 26 Generation 4 semi-automatic firearm bearing serial number BFVF776; and the firearms were in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges:

On or about July 16, 2024, in the District of Maryland, the defendant,

**RONTHANY WARD,**

did knowingly possess three firearms, to wit, a 9mm caliber Luger model AK9 semi-automatic firearm, bearing serial number RONVMB71707058, a .40 caliber Smith & Wesson model M&P 40 semi-automatic firearm bearing serial number HRB7407, and a 9mm caliber Glock model 26 Generation 4 semi-automatic firearm bearing serial number BFVF776, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Three of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.       Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 982(a)(1) and (b)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Counts One through Five of this Indictment.

### Narcotics Forfeiture

2.       Upon conviction of the offense(s) alleged in Counts One, Two, or Three the defendants,

██████████████

**RONTHANY WARD,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

        a.       any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

        b.       any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Firearms and Ammunition Forfeiture

3.       Upon Conviction of the offense(s) alleged in Counts Four or Five, the defendant,

**RONTHANY WARD,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924 (d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

## Property Subject to Forfeiture

4.    The property to be forfeited includes, but is not limited to, the following:

a.    a forfeiture money judgment in the amount of proceeds each defendant obtained as a result of Count One;

b.    approximately $200,000 in U.S. currency seized from ███████████ ████████████████████████████████████████ on or about July 16, 2024 during the execution of a search warrant;

c.    approximately $3,601 in U.S. currency seized from 2107 High Timber Road, Fort Washington, Maryland 20744 on or about July 16, 2024 during the execution of a search warrant;

d.    a 9mm caliber Luger model AK9 semi-automatic firearm, bearing serial number RONVMB71707058;

e.    a .40 caliber Smith & Wesson model M&P 40 semi-automatic firearm bearing serial number HRB7407;

f.    a 9mm caliber Glock model 26 Generation 4 semi-automatic firearm bearing serial number BFVF776;

g.    approximately five rounds of .40 caliber ammunition;

h.    approximately 10 rounds of 9mm ammunition; and

i.    an assortment of ammunition recovered from 2107 High Timber Road, Fort Washington, Maryland 20744 on or about July 16, 2024 during the execution of a search warrant.

## Substitute Assets

5.    If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

10/24/2024

Date

9