**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  1:24-CR-313-JKB** |
| | : | |
| **Misael Gonzalez** | : | |
| | : | |
| **Defendant** | : | |

**MOTION TO SEVER**

Misael Gonzalez, through counsel, hereby moves this Honorable Court, pursuant to Rule 8(b) and 14 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, to sever his trial from that of his codefendants. In support of this motion, Mr. Gonzalez alleges as follows:

1. Mr. Gonzalez, Ronthany Ward, and another Jerrell Elliott[1] are charged together in a five-count indictment. *See* ECF No. 1 (Indictment).

2. Count One charges Mr. Gonzalez, Mr. Ward, and Mr. Elliott with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. The indictment specifically alleges that the conspiracy existed from a date unknown to the Grand Jury but no later than August 2023 and continuing until on or about July 2024, in the District of Maryland. Additionally, the indictment alleges that "[w]ith respect to Misael Gonzalez and Jerrell Elliott the amount involved in the conspiracy attributable to each of them as a result of his own conduct, and the conduct of other

---

[1] Mr. Elliott has yet to make an appearance in this case.

conspirators reasonably foreseeable to each of them, is 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine." *Id.* As for Mr. Ward, the indictment alleges that "the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectible amount of cocaine." *Id.*

3. Count Two charges only Mr. Gonzalez and Mr. Elliott with distribution and possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine. Count Two alleges that the offense took place on or about August 30, 2023.

4. Count Three charges only Mr. Ward with possessing with intent to distribute a mixture or substance containing a detectable amount of fentanyl, cocaine, phencyclidine, and heroin. Count Three alleges that the offense took place on or about July 16, 2024.

5. Count Four charges only Mr. Ward with possession of a firearm by a prohibited person. It specifically alleges that, on or about July 16, 2024, Mr. Ward possessed three firearms: (1) a 9mm caliber Luger model AK9 semi-automatic firearm (serial number RONVMB71707058); (2) a .40 caliber Smith & Wesson model M&P 40 semi-automatic firearm (serial number HRB7407); and (3) a 9mm caliber Gock model 26 Generation 4 semi-automatic firearm (serial number BFVF776).

6. Count Five charges only Mr. Ward with possessing three firearms in furtherance of a drug trafficking crime. Count Five specifically alleges that, on or about July 16, 2024, Mr. Ward possessed three firearms in furtherance of the drug trafficking crime charged in Count Three.

7. Mr. Ward had his arraignment on the indictment and is currently in custody pending trial. *See* ECF No. 31 (Order of Detention); ECF No. 49 (Arraignment). Mr. Gonzalez had his initial appearance on the indictment and is currently out of custody pending trial. *See* ECF No. 38 (Initial Appearance); ECF No. 45 (Order Setting Release Conditions). Mr. Elliott has yet to make an appearance in this case.

8. A jury trial is scheduled to begin on August 24, 2026. ECF No. 65 (Scheduling Order).

9. Mr. Gonzalez respectfully requests the Court to sever his trial from that of his co-defendants.

10. Rules 8(b) and 14 of the Federal Rules of Criminal Procedure govern joinder and severance of defendants. Pursuant to Rule 8(b), defendants may be joined only "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In the context of Rule 8(b), the Fourth Circuit has said that "[s]eparate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme." *United States v. Haney*, 914 F.2d 602, 606 (4th Cir. 1990) (quoting *United States v.*

*Porter*, 821 F.2d 968, 972 (4th Cir.), cert. denied, 485 U.S. 934 (1987)). "There must be a series of acts unified by some substantial identity of facts or participants." *Id*.

11. In this case, the allegations against Mr. Ward are not sufficiently related to those against Mr. Gonzalez. Count Three, Four, and Five are all based on conduct attributable only to Mr. Ward. The nature of the allegations, the alleged participants, and the dates of the offenses are all distinct from those made against Mr. Gonzalez. Moreover, while Count One charges all co-defendants with conspiring to distribute and possess with intent to distribute controlled substances, the indictment attributes a different quantity of controlled substances among the co-defendants based on their own conduct, and "the conduct of other conspirators reasonably foreseeable to each of them." ECF No. 1. Given the clear distinction between the conduct of each individual defendant, it does not follow that they all participated "in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R Crim. P. 8(b). Joinder is therefore improper.

12. Even assuming that joinder is proper, the trial should be severed from that of the other defendants on the basis of the prejudice that Mr. Gonzalez will suffer if all of the defendants are tried together. Rule 14(a) of the Federal Rules of Criminal Procedure gives the Court authority to order separate trials of defendants if the joinder of defendants "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). While there is a presumption that codefendants be tried

together, severance is required when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Cardwell*, 433 F.3d 378, 387-88 (4th Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1968)). One such source of prejudice, commonly referred to as "guilt transference" or "the spillover effect," involves imputing guilt to one codefendant based on evidence against another. *See Zafiro*, 506 U.S. at 539 ("Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.").

13. Severance is required to protect Mr. Gonzalez against the spillover effect of evidence that relates to co-defendants whose alleged conduct has no material connection to him, which will cause jurors to erroneously impute guilt to Mr. Gonzalez.

14. Mr. Gonzalez further moves to sever his trial from that of his co-defendants if the Government intends to offer alleged statements from co-defendants made to law enforcement that violate the rule in *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny, premised upon the collision between the Sixth Amendment confrontation clause rights and the Fifth Amendment right to remain silent at trial. If the Government intends to introduce any co-defendant

statement to law enforcement which is admissible against that co-defendant under Federal Rule of Evidence 801(d)(2)(A) and which violates *Bruton*, the remedy is severance. Trial for Mr. Gonzalez should then commence after the trial of his co-defendants under the Fifth and Sixth Amendments.

For the reasons provided above, as well as any other reasons developed at the motion hearing, Mr. Gonzalez moves that he be severed from the Indictment and be tried separately from his co-defendants.

> Respectfully submitted,
> James Wyda
> Federal Public Defender
>   for the District of Maryland
>
> ___/s/_____
>  Francisco A. Carriedo (#816158)
> Assistant Federal Public Defenders
> 100 South Charles Street
> Tower II, 9th Floor
> Baltimore, Maryland  21201
> Phone: (410) 962-3962
> Fax:  (410) 962-0872
> Email: Francisco_Carriedo@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2026, a copy of the foregoing was served via CM/ECF to the Government.

> _____/s/_____
> Francisco A. Carriedo